SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNIE MUNA VALENCIA,<br><br>Defendant. | CRIMINAL CASE NO. 18-00004<br><br>**UNITED STATES' TRIAL BRIEF**<br><br>Trial: June 13, 2018– 10:00 AM<br>Judge: Frances Tydingco-Gatewood<br>          Chief Judge |

UNITED STATES' TRIAL BRIEF - 1

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION……………………………………………………. | 7 |
| II. | CASE POSTURE………………………………………………….... | 7 |
| III. | PRETRIAL MOTIONS……………………………………………… | 7 |
| IV. | FACTS THE GOVERNMENT INTENDS TO PROVE AT TRIAL…………. | 7 |
| V. | CHARGES AND RELATED ISSUES……………………………….. | 8 |
| VI. | ANTICIPATED EVIDENCE…………………………………………. | 8 |
| | A. Richard Tracy …………………………………………………… | 9 |
| | B. David Stubbs …………………………………………………… | 9 |
| | C. Erlinda L. Reyes ………………………………………………… | 9 |
| | D. Lovenia Vibar ………………………………………………… | 10 |
| | E. Aaron Sanchez ………………………………………………….. | 10 |
| | F. Chelsey Belen ………………………………………………… | 10 |
| | G. Simonique Washington ………………………………………… | 10 |
| VII. | EVIDENTIARY AND OTHER TRIAL ISSUES………………………….. | 10 |
| | A. Statements…………………………………………………………… | 10 |
| | B. Photographs……………………………………………..…… | 10 |
| | C. Duplicates………………………………………………………….. | 11 |
| | D. Chain of Custody……………………………………………… | 12 |
| | E. Expert Witness……………………………………………….. | 13 |
| | F. Prima Facie Threshold for Authentication ………………………….. | 14 |
| | G. Foundation for Still Photographs/Video Recordings ……………………….. | 14 |
| | H. Expert Witness Opinion ……………………………………………….. | 15 |

I. Statement of Non-Testifying Agents ……………….……..………..  17

J. Witness Impeachment by Prior Bad Acts …………………………..…..  17

K. Unrelated Instances of Non-Criminal Conduct ……………………….  18

L. Explanation of Investigation ………………………………………….  18

M. Inextricably Intertwined Evidence ……………………………………….  19

N. Stipulations ……………………………………………………………….  19

VII.    CONCLUSION…………………………………………………………  20

# TABLE OF AUTHORITIES

**Cases**

*Cox v. United States*, 447 U.S. 908 (1980) ...........................................................................11

*Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993) ..................................................13

*Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960) ……………………………12

*In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 742 n.8 (3rd Cir. 1994) ………....16

*In re TMI Litig.*, 193 F.3d 613, 664 (3rd Cir. 1999) …………………………………….... 16

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. at 141 ……………………………………. 16

*People of the Territory of Guam v. Ojeda*, 758 F.2d 403 (9th Cir. 1985) ..............................11

*Phiropoulous v. State*, 908 S.W. 3d 712, 714 (Mo.App.E.D. 1995) …………………………14

*Rogers v. Ingersoll-Rand Co.*, 971 F.Supp. 4 (D.D.C. 1997) ………………………......14

*Simms v. Dixon*, 291 A.2d 184, 186 (D.C. App. 1972) ……………………………………14

*State v. Powers*, 148 S.W. 3d 830, 832 (Mo.App.E.D. 1995) ……………………………. 14

*Suthterland v. Koster*, 2011 WL 2784108 (E.D.Mo., 2011) ……………………………… 14

*United States v. Barela*, 973 F.2d 852, 855 (10th Cir. 1992) ……………………………. 18

*United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987) ……………………………. 18

*United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002) ………………………….. 19

*United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) ……………………………. 14

*United States v. Brannon*, 616 F.2d 413, 416 (9th Cir. 1980) …………………………….11

*United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988) ………………………. 11

*United States v. Clark*, 986 F.2d 65, 68 (4th Cir. 1993) ………………………………… 15

*United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir. 1996) …………………………… 19

*United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004) ……………………………. 18

*United States v. Davis*, 183 F.3d 321, 357 n.12 (3d Cir. 1999) ………………………… 18

*United States v. Garmany*, 762 F.2d 929, 938 (11th Cir. 1985) …………………………..11

*United States v. Georgalis*, 631 F.2d 1199, 1205 (5th Cir. 1980) …………………….....11

*United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002) ……………………........18

*United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) ………………………………. . 17

*United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) …………………………. 18

*United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000) …………………………………13

*United States v. Harrington*, 923 F.2d 1371 (9th Cir. 1991) ……………………………..12

*United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ……………………… 18

*United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) …………………………... 19

*United States v. Lowe*, 767 F.2d 1052, 1063-64 (4th Cir. 1985) ……………………….. 19

*United States v. Martin*, 897 F.2d 1368, 1371-72 (6th Cir. 1990) ……………………… 18

*United States v. Matta-Ballesteros*, 71 F.3d 754 (9th Cir. 1995) ………………………12

*United States v. Qaoud*, 777 F.2d 1105, 1111 (6th Cir. 1985) …………………………..18

*United States v. Roach*, 28 F.3d 729, 733 (8th Cir. 1994) ………………………………14

*United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983) ……………………… 18

*United States v. Solorio*, 669 F.3d 943 (9th Cir. 2012) …………………………………12

*United States v. Standish*, 3 F.3d 1207, 1210 (8th Cir. 1993) …………………………..15

*United States v. Stewart*, 420 F.3d 1007, 1021 n.13 (9th Cir. 2005) ……………………11

*United States v. Tenerelli*, 614 F.3d 764, 772 (8th Cir. 2010) ………………………… 18

**Statutes**

21 U.S.C. § 841(a)(1)……………………………………………………………………….7

21 U.S.C. § 846 …………………………………………………………………………….7

**Rules**

Fed. Rule. Evid. 404 ..........................................................................................................19

Fed. Rule. Evid. 405 ..........................................................................................................18

Fed. Rule. Evid. 608 ..........................................................................................................17

Fed. Rule. Evid. 702 ..........................................................................................................13

Fed. Rule. Evid. 703 ..........................................................................................................15

Fed. Rule. Evid. 801 ..........................................................................................................10

Fed. Rule. Evid. 803 ..........................................................................................................17

Fed. Rule. Evid. 901 ..........................................................................................................10

Fed. Rule. Evid. 1001 ........................................................................................................14

Fed. Rule. Evid. 1003 ........................................................................................................11

**Others**

Ninth Circuit Manuel of Model Criminal Jury Instruction No. 4.14 …………………………15

Ninth Circuit Manuel of Model Criminal Jury Instruction No. 9.15 ………………………….8

## I. Introduction

The United States submits this brief in compliance with the Court's Scheduling Order entered on April 9, 2018. *See* ECF No. 7. This case is set for jury trial on June 13, 2018. The Government's trial brief sets forth the basic facts the Government intends to prove at trial, and anticipated legal and evidentiary issues that may arise at trial.

## II. Case Posture

The grand jury returned a True Bill on April 4, 2018 charging defendant ERNIE MUNA VALENCIA (VALENCIA) with the offense of Attempted Possession of Methamphetamine with Intent to Distribute, in violation of 18 U.S.C. § 846, 841(a)(1) and (b)(1)(B)(viii).

## III. Pretrial Motions

As of this date, no pretrial motions have been filed by defense. The Government's notice of intent to utilize expert SA Simonique Washington was filed on May 15, 2018 (ECF No. 15). Additionally the Government filed the United States' Submission Re: Jury Nullification on May 15, 2018 (ECF No. 16).

## IV. Facts the Government Intends to Prove at trial

On or about May 5, 2017, United States Postal Inspection Service (USPIS) alerted to a suspicious package addressed to:

> B. Guerrero
> P.O. Box 1394
> Hagatna, Guam 96932

The package contained approximately 23 grams of methamphetamine. The drug was replaced with a sham product and delivered. On May 8, 2017, Chelsey Belen received the package and handed it to VALENCIA. VALENCIA placed the contents of the package on a table in his bedroom and the empty package in his closet.

Chelsey C. Belen stated that VALENCIA asked to use her post office box to receive packages. Chelsey Belen stated that VALENCIA instructed her to pick up the package.

VALENCIA admitted that he attempted to receive the package which he knew contained methamphetamine hydrochloride. VALENCIA also stated that he agreed with another individual to use her post office box. Law Enforcement found glass pipes, methamphetamine, plastic baggies, small amounts of methamphetamine, and ledgers with pay/owe sheets in VALENCIA's residence.

VALENCIA admitted that he has used methamphetamine for the many years and that he has sold the drug to earn money. VALENCIA provided the name of his suppliers, his suppliers' location, and the cost of the drug.

## V. Charges and Related Issues

Defendant is charged with one count of Attempted Possession of Methamphetamine with Intent to Distribute, 21 U.S.C. Section 846 and 841(b)(1)(B)(viii).

Attempted Possession of Methamphetamine With Intent to Distribute is a violation of Title 21, United States Code, Sections, 846 and 841(b)(1)(B)(viii). The elements of the offense are:

First:   That the defendant knowingly possessed methamphetamine; and

Second:  The defendant possessed it with the intent to distribute it to another person.

Source: Ninth Circuit Pattern Criminal Jury Instruction 9.15 (2010 ed. Updated 12/2016)

## VI. Anticipated Evidence

What follows is a brief summary of the testimony of the witnesses the Governments intends to call at trial. This list is not exhaustive.

A. **Richard Tracy**

Richard Tracy is a Postal Inspector with the United States Postal Inspection Services. Richard Tracy intercepted a suspicious package addressed to:

> B. Guerrero
> P.O. Box 1394
> Hagatna, Guam 96932

Richard Tracy obtained a search warrant, MJ 17-00068 for the package and discovered 22.47 net grams of methamphetamine. Richard Tracy replaced the drug with a sham product and placed the package in the mail. Richard Tracy will testify that Chelsey C. Belen received the package. Chelsey C. Belen admitted that she picked up the package for VALENCIA. She stated that she had received packages for VALENCIA in the past.

The package was in plain view inside VALENCIA's bedroom. Richard Tracy observed clue spray on VALENCIA's hands and shirt indicating that VALENCIA had handled the contents of the package. Richard Tracy obtained a search warrant, MJ 17-00070 to search VALENCIA's residence, 202 Adacao Street, Barrigada, Guam.

B. **David N. Stubbs**

David N. Stubbs is a Special Agent with Drug Enforcement Administration (DEA). Special Agent Stubbs seized, among other things, methamphetamine, plastic baggies, glass pipes, glass bottles, white crystal residue, priority mail package, iPad, iPhone and a Samsung cell phone. Special Agent Stubbs transferred the methamphetamine to the Southwest Regional Laboratory for analysis. Special Agent Stubbs will provide the foundation for the introduction of the photographs of the defendant and the items seized from the defendant's residence.

C. **Erlinda L. Reyes**

Erlinda Reyes will testify regarding her observations and interactions with

VALENCIA.

### D. Lovenia Vibar

Lovenia Vibar will testify that she has received methamphetamine from individuals who resided with VALENCIA.

### E. Aaron James Sanchez

Aaron James Sanchez will testify that VALENCIA sold him methamphetamine prior to and including April of 2017.

### F. Chelsey Belen

Chelsey Belen will testify that VALENCIA asked her to use her post office box to receive packages. She will testify that VALENCIA instructed her to pick up the package containing methamphetamine. Chelsey Belen will testify to a conversation she had with VALENCIA on May 8, 2017.

### G. Simonique Washington

Simonique Washington is a Sr. Forensic chemist with the United States Postal Service. Forensic Chemist Washington will testify to her analysis of the seized methamphetamine, and to the reasons for her conclusion that the substance is in fact methamphetamine. She will also authenticate the USPIS lab result.

## VII. Evidentiary and Other Trial Issues

### A. Statements

The Government will offer VALENCIA'S statements into evidence at trial. Fed.R.Evid. 801(d)(2)(A).

### B. Photographs

The Government intends to offer photographs into evidence. Under Rule 901 of the

Federal Rules of Evidence, a witness familiar with a scene or object may provide a sufficient foundation for admission of a photograph by testifying that it fairly and accurately depicts the scene or the object at the relevant time. *See United States v. Brannon*, 616 F.2d 413, 416 (9th Cir. 1980); *cert. denied sub nom. Cox v. United States*, 447 U.S. 908 (1980). "The evidence that the photographs accurately depicted events in the bank during the robbery was undisputed. This evidence provided a sufficient foundation to admit the photographs." *United States v. Brannon*, 616 F.2d 413, 416-17 (9th Cir. 1980). *See also People of the Territory of Guam v. Ojeda*, 758 F.2d 403 (9th Cir. 1985).

The photographs in this case include, but are not limited to, photographs of the Defendant's residence, the items seized from the residence, and the packaging and drug itself.

Copies of photographs may be introduced.

**C. Duplicates**

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original, or (2) the circumstances make it unfair to admit the duplicate instead of the original. *See* Fed. R. Evid. 1003. The party opposing admission on Rule 1003 grounds has the burden of producing evidence to trigger one of these exceptions. *See*, *e.g.*, *United States v. Stewart*, 420 F.3d 1007, 1021 n.13 (9th Cir. 2005); *see also United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988) (burden of challenging admissibility of duplicate rests with the party against whom it is offered); *United States v. Garmany*, 762 F.2d 929, 938 (11th Cir. 1985) (same); *United States v. Georgalis*, 631 F.2d 1199, 1205 (5th Cir. 1980).

**D. Chain of Custody**

The Government's position is that the chain of custody in this case is sufficient to introduce the seized items into evidence. The Ninth Circuit has held that the prosecution may

establish chain of custody to lay a proper foundation for admission of physical evidence if it is able to prove that a reasonable juror could find that the evidence is in substantially the same condition as when seized and if there is a reasonable probability the evidence has not been changed in important aspects. Merely raising the possibility of tampering is not enough to render evidence inadmissible. Finally, a defect in the chain of custody goes to the weight not admissibility. *United States v. Solorio*, 669 F.3d 943 (9th Cir. 2012); *United States v. Harrington*, 923 F.2d 1371 (9th Cir. 1991); *See generally* Fed. R. Evid. 901(a).

Before evidence is admitted, "the prosecution must introduce sufficient proof so that a reasonable juror could find that the items [that the prosecution seeks to admit into evidence] are in 'substantially the same condition' as when they were seized." *United States v. Solorio*, 669 F.3d 943 (9th Cir. 2012) quoting *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991). The district court may admit the evidence if there is a 'reasonable probability the article has not been changed in important respects.'" Id. (quoting *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960). "Before a physical object connected with the connection of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence." *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960).

A defect in the chain of custody goes to the weight, not admissibility, of the evidence introduced. *United States v. Matta-Ballesteros*, 71 F.3d 754 (9th Cir. 1995). "The possibility of

a break in the chain of custody goes only to the weight of the evidence." Id. (quoting *United States v. Harrington*, 923 F.2d 1374 (9th Cir. 1991).

"There is no rule requiring the prosecution to produce as witnesses all persons who were in a position to come into contact with the article sought to be introduced in evidence. *Gallego*, 276 F.2d 914.

### E. Expert Witnesses

The Government intends to call a Forensic Chemist with the U.S. Postal Inspection Services as an expert in the identification of the methamphetamine and its purity level.

Rule 702 of the Federal Rules of Evidence provides that expert opinion is admissible if the witness is sufficiently qualified as an expert by knowledge, skill, experience, training or education; the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principals and methods and the expert has reliably applied the relevant principles.

An expert may testify in the form of an opinion or otherwise if his or her specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. *Daubert v. Merrell Dow Pharm, Inc.* 509 U.S. 579 (1993). Further, admissibility of expert opinion turns on preliminary questions of law determined by the judge, including whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of confusion of issues or undue consumption of time. *United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000).

### F. Prima Facie Threshold for Authentication

When proffered evidence is challenged on grounds of authenticity or identity, the

evidence should be admitted once the government makes a prima facie showing of authenticity. See *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) ("[Rule 901] requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. The credibility or probative force of the evidence offered is, ultimately, an issue for the jury.") (quotation marks and citation omitted).

In order to prove authenticity, there must be some evidence sufficient to support a finding that the evidence is what he proponent claims it to be. Fed.R.Evid. 901.

G. **Foundation for Still Photographs/Video Recordings**

Videotaped evidence is categorized as photographic evidence under Federal Rule of Evidence § 1001(2). "So long as the scenes or events depicted accurately represent what they are alleged to portray, there is no requirement that the individual who actually took the pictures testify at trial to lay a proper foundation. *Rogers v. Ingersoll-Rand Co.*, 971 F.Supp. 4 (D.D.C. 1997) citing *Simms v. Dixon*, 291 A.2d 184, 186 (D.C. App. 1972). "The same principles that govern the foundation for still photographs apply to the admission of motion pictures or videotapes. *State v. Powers*, 148 S.W. 3d 830, 832 (Mo.App.E.D. 1995). The party offering a videotape in evidence must show that it is an accurate and faithful representation of what it purports to show. *Phiropoulous v. State*, 908 S.W. 3d 712, 714 (Mo.App.E.D. 1995). The foundation may be established by any witness who is familiar with the subject matter of the tape and is competent to testify from personal observation. Id." *Suthterland v. Koster*, 2011 WL 2784108 (E.D.Mo., 2011).

"Under federal law, a foundational objection to the admission of a videotape is without merit where testimony indicates that the tapes are 'fair and accurate' *United States v. Roach*, 28 F.3d 729, 733 (8th Cir. 1994). Strict compliance with guidelines for admission of videotapes is

not required where a videotape's 'substance and circumstances under which it was obtained were sufficient proof of its reliability.' Id. at 733 n. 4 (citing *United States v. Clark*, 986 F.2d 65, 68 (4th Cir. 1993)). … Additionally, videotapes are admissible to show how a crime was committed and to link a defendant to a crime. See e.g., *United States v. Standish*, 3 F.3d 1207, 1210 (8th Cir. 1993)." *Suthterland v. Koster*, 2011 WL 2784108 (E.D.Mo., 2011).

### H. Expert Witness Opinion

The United States proposes the following jury instruction be provided to the petite jury:

> You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, Instruction 4.14.

Federal Rules of Evidence § 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Federal Rule of Evidence 703, an expert can base his/her opinion on facts or data "perceived by or made known to the expert at or before the hearing." Fed.R.Evid. 703.

"The trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or

UNITED STATES' TRIAL BRIEF - 15

methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. This gatekeeping role extends to all cases where the "testimony reflects scientific, technical, or other specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. at 141.

Under *Daubert*, the Court must make a two-step inquiry: "First of all, the proffered 'expert' must be qualified to express an expert opinion… Secondly, the proffered expert opinion must be reliable." *In re TMI Litig.*, 193 F.3d 613, 664 (3rd Cir. 1999). In determining the reliability of the expert testimony, the Supreme Court has provided a number of factors to offer guidance to the court's inquiry. These factors include: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 742 n.8 (3rd Cir. 1994).

At trial, the United States will meet this burden by eliciting testimony from each of the proffered expert revealing: (1) the expert's level of education and on-the-job training; (2) that the tests performed by the expert are generally accepted in the field; (3) that the test was performed in accordance with the standard procedures used in the laboratory; and (4) that the expert had his or her results reviewed by another chemist in the laboratory or by a laboratory administrator.

### I. Statements of Non-Testifying Agents

During trial, agents may testify about other agents' surveillance. Such testimony is admissible under the present-sense-impression exception of Rule 803(1) of the Federal Rules of Evidence. See, e.g., *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) (testimony of agents who overheard observations of surveillance officers "easily satisfy the requirements" of Rule 803(1), as "[t]he surveillance officers were providing a description of the events at the same time they were witnessing them, so the testimony was admissible under the present sense impression exception[.]"). This case-law survives *Crawford*. See *United States v. Solorio*, 669 F.3d 943, 952-54 (9th Cir. 2012).

### J. Witness Impeachment by Prior Bad Acts

Rule 608 of the Federal Rules of Evidence governs the impeachment of witnesses based on specific instances of their conduct. It permits inquiry into specific instances of a witness's conduct for the purpose of attacking the witness's credibility **only** on cross examination of the witness or of another witness who has testified as to the principal witness's character for truthfulness, and **only** if the prior instance of conduct is "probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b).

Rule 608 also **prohibits** proof of specific instances of a witness's conduct by extrinsic evidence. Fed. R. Evid. 608(b). Thus, even when Rule 608(b) allows inquiry into a specific instance of conduct probative of truthfulness, such as making false statements, it does not permit inquiry into the consequences of that act, such as an arrest or other disciplinary action for conduct. *See id.*, advisory committee note ("[T]he extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act," listing suspension or other disciplinary action as an example); see also *United*

*States v. Davis*, 183 F.3d 321, 357 n.12 (3d Cir. 1999) (stating that Rule 608 prohibits inquiry into a witness's suspension from work based on a prior bad act).

Finally, inquiry into specific acts of a witness's conduct is subject to the Court's discretion, and the court may prohibit such inquiry under Rule 403. See, e.g., *United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002).

### K. Unrelated Instances of Non-Criminal Conduct

Evidence that defendant obeys laws or otherwise comported himself well on other occasions is inadmissible because it is not probative of whether he committed the crimes charged in this case. See, e.g., *United States v. Qaoud*, 777 F.2d 1105, 1111 (6th Cir. 1985) (affirming exclusion of evidence that defendants did not take bribes on certain occasions was inadmissible as irrelevant to whether they did take bribes on others); *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983) (affirming exclusion of evidence of specific, unrelated "good acts" as irrelevant to guilt); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."). Evidence of a "lack of prior bad acts" amounts to inadmissible character evidence under Rule 405(a), which prohibits evidence of specific instances of conduct to prove character. See *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987); see also *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) (same).

### L. Explanation of Investigation

An out-of-court statement is not hearsay when offered not for the truth but to explain how an investigation unfolded. See *United States v. Tenerelli*, 614 F.3d 764, 772 (8th Cir. 2010); *United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004); *United States v. Barela*, 973 F.2d 852, 855 (10th Cir. 1992); *United States v. Martin*, 897 F.2d 1368, 1371-72 (6th Cir. 1990);

UNITED STATES' TRIAL BRIEF - 18

*United States v. Lowe*, 767 F.2d 1052, 1063-64 (4th Cir. 1985).

## M. Inextricably Intertwined Evidence

"Inextricably intertwined" evidence is admissible under a well-settled exception to Rule 404(b)'s general ban on uncharged misconduct evidence. See, e.g., *United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002) ("Evidence of 'other acts' is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense. This exception applies when (1) particular acts of the defendant are part of a single criminal transaction, or when (2) 'other act' evidence is necessary to admit in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.") (citation omitted); *United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir. 1996) ("In general, evidence of other crimes committed by the defendant [] is inadmissible. However, an exception to this general rule is that evidence of other criminal activity may be used for the purpose of providing the context in which the charged crime occurred.") (citation omitted).

## N. Stipulations

Where appropriate, the government may enter into stipulations regarding the facts. "When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established." *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976).

//
//
//
//
//

## VIII. CONCLUSION

This has been an outline of the case, a summary list of the witnesses who may testify, and a discussion of possible issues at trial. Since issues not covered here might come up at trial, the United States would respectfully seek leave to submit further briefs as necessary to assist the Court.

RESPECTFULLY SUBMITTED this 15th day of May, 2018.

SHAWN N ANDERSON
United States Attorney
Districts of Guam and the NMI


By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney