SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagatna, GU 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNIE VALENCIA,<br><br>Defendant. | **CRIMINAL CASE NO. 18-00004**<br><br>GOVERNMENT'S MOTION *IN LIMINE* FOR *IN CAMERA* INSPECTION AND DETERMINATION OF ADMISSIBILITY |

The United States of America, by and through undersigned counsel, hereby moves the Court, *In Limine*, to exclude Defendant's Exhibits A, B and C. (ECF 44).

Federal Rules of Evidence § 608 states:

Rule § 608. **A Witness's Character for Truthfulness or Untruthfulness**

(a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

>    (1) the witness; or
>    (2) another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

On September 12, 2018, Defendant filed Defendant's Exhibit List (ECF 44). Defendant's Exhibit A indicates "*Picture of Chelsey Belen After Dine and Dash at Denny's*." Defendant's Exhibit B indicates "*Chelsey Belen Photo at Chalan Pago Store*." Defendant's Exhibit C indicates "*Photo of Chelsey Belen Facebook Photo*."

Presumably, Defendant intends to attack Chelsey Belen's credibility pursuant to Fed.R.Evid. § 608.

The Government requests that the Court rule *in limine*, excluding all three exhibits.

**Exhibit A**

First, Witness Chelsey Belen's character for truthfulness or untruthfulness has not been "attacked," and opinion/reputation regarding her "reputation" for having a character for truthfulness or untruthfulness is not in issue. Defendant may not elicit "opinions" or "reputation" about the Witness's character absent an attack on that character.

Second, the Defendant has publicly filed photographs that claim to depict the Witness engaging in a "dine and dash." The caption "*Dine and Dash at Denny's*" is clearly calculated to embarrass and ridicule the Witness prior to taking the stand and is tantamount to encouraging the Court to decline to "protect witnesses from harassment or undue embarrassment." Fed.R.Evid. § 611.

Third, the individual depicted in Exhibit A is **not** the Witness listed on the Government's witness list. The proposed Exhibit A is an unfair attempt to intimidate and humiliate the Government's witness.

Further, specific instances are inadmissible to prove specific instances of a witness's conduct.

**Exhibits B and C**

Defendant's Exhibit B is captioned "*Chelsey Belen Photo at Chalan Pago Store*." The photograph, has a caption "*She stole a wallet*." The photograph depicts the Witness shopping at a neighborhood store. Defendant's Exhibit C is apparently captured from the Witness' Facebook page.

Witness Chelsey Belen's character for truthfulness or untruthfulness has not been "attacked," and opinion or reputation regarding her reputation for having a character for truthfulness or untruthfulness is not in issue. Defendant may not elicit "opinions" or "reputation" about the Witness's character absent an attack on that character.

Second, the Defendant has publicly filed photographs that claim to depict the Witness engaging an act of theft – in conjunction with a photograph from her Facebook account. Notably, the Witness does not have a criminal conviction under Fed.R. Evid. 609. The caption "*She Stole a Wallet*" along with her Facebook photograph is clearly calculated to embarrass and ridicule the Witness prior to taking the stand and is tantamount to encouraging the Court to decline to "protect witnesses from harassment or undue embarrassment." Fed.R.Evid. 611.

Third, the Witness does not have a conviction for theft. "By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness." Fed.R.Evid. 608(2).

The Government respectfully requests that the Court inspect the three Exhibits in chambers, and make an advance determination as to their exclusion.

Respectfully submitted this 18th day of September, 2018.

                                  SHAWN N. ANDERSON
                                  United States Attorney
                                  Districts of Guam and the NMI


                              By: /s/ Rosetta L. San Nicolas
                                 ROSETTA L. SAN NICOLAS
                                  Assistant United States Attorney